**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| TAMI FRYE, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>NATURE'S PATH FOODS USA INC., a foreign PROFIT corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>               Defendants. | No. 2:24-cv-2079<br><br>**NOTICE OF REMOVAL** |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Nature's Path Foods USA Inc. ("Nature's Path") removes this action to this Court from the Superior Court of the State of Washington for King County. In support of this Notice of Removal ("Notice"), Nature's Path states:

**I.    STATE COURT ACTION**

1. On November 22, 2024, Plaintiff Tami Frye ("Plaintiff") commenced this action by filing a "Class Action Complaint for Discrimination" in King County Superior Court, where it was assigned Case No. 24-2-27157-1 SEA ("State Court Action"). Declaration of Julie S. Lucht

NOTICE OF REMOVAL – 1
(No. 2:24-cv-2079)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

067744.0032\170397699.1

in Support of Notice of Removal ("Lucht Decl.") at Ex. A ("Complaint").

2. With this Notice, Nature's Path files a true and correct copy of all process, pleadings, orders, and other records either served on Nature's Path or filed in the State Court Action. *Id.* at Exs. A-G.

3. According to Plaintiff's Declaration of Service, Plaintiff served a copy of the Summons, Complaint, Case Information Cover Sheet and Area Designation, and Order Setting Civil Case Schedule on Nature's Path on November 25, 2024. *Id.* at Ex. E.

4. Nature's Path files this Notice of Removal on December 16, 2024, which is within the 30-day period following its receipt of the Summons and Complaint. *Id.* at ¶3.

5. Nature's Path has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King related to the above-captioned matter. *Id.* No further proceedings have been had in the state court as of the date of this Notice. *Id.* at ¶4.

## II. PLAINTIFF'S CLASS ACTION ALLEGATIONS

6. Plaintiff purports to bring this action as a putative class action. Complaint at ¶38. Plaintiff seeks to represent "All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Nature's Path Foods USA Inc., where the job posting did not disclose a wage scale or salary range." *Id.*

7. Plaintiff asserts one claim against Nature's Path under the Equal Pay and Opportunities Act ("EPOA") for a purported violation of Wash. Rev. Code § 49.58.110. *Id.* at ¶¶46-52. Specifically, Plaintiff alleges that "Plaintiff and more than 40 Class members applied for job openings with Defendant for positions located in Washington where the postings did not disclose the wage scale or salary range being offered." *Id.* at ¶21. Plaintiff alleges that "some, if not all, of [Nature's Path's] job postings" lack pay information. *Id.* at ¶22.

8. Plaintiff seeks $5,000 in statutory damages for herself and each putative class member. *Id.* at ¶¶37, 51, 54. She also seeks her attorneys' fees and costs. *Id.* at ¶¶37, 52, 55.

NOTICE OF REMOVAL – 2
(No. 2:24-cv-2079)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

067744.0032\170397699.1

## III. GROUNDS FOR REMOVAL

9. Nature's Path removes this matter based on 28 U.S.C. § 1332(a), diversity jurisdiction.

**A.   Diversity Jurisdiction**

Citizenship

26. <u>Plaintiff's Citizenship</u>. A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id*. A person's residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

26. Plaintiff alleges that she resides in Washington State. Complaint at ¶15.

26. <u>Nature's Path's Citizenship.</u> "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). A company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

22. Nature's Path is incorporated in Wyoming. Terry Duncan Decl. at ¶3. Nature's Path maintains its headquarters in Richmond, British Columbia, Canada, where it directs, controls, and coordinates the Company's activities. *Id.* at ¶3.

22. Accordingly: (a) Nature's Path is a citizen of Wyoming and Canada; and (b) Plaintiff is a citizen of Washington. Therefore, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

Amount in Controversy

29. The amount in controversy is the "estimate of the entire potential amount at stake in the litigation." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted). It includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644,

NOTICE OF REMOVAL – 3
(No. 2:24-cv-2079)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

067744.0032\170397699.1

648 (9th Cir. 2016).

30. Under 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000. By the statements contained in this Notice of Removal, Nature's Path does not concede that Plaintiff is entitled to any damages.

31. <u>Statutory Damages.</u> Plaintiff seeks $5,000 in statutory damages. Complaint at ¶¶ 37, 51, 54.

32. <u>Attorneys' Fees.</u> Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413 (9th Cir. 2018). To meet its burden of establishing the amount in controversy by a preponderance of the evidence, *see Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793 (9th Cir. 2018), the removing party may estimate "anticipated but unaccrued" attorneys' fees at the time of removal. *Gonzales,* 840 F.3d at 649 n.2. To do so, a removing party may estimate the plaintiff's counsel's potential recovery, *e.g.,* billing rate and the amount of time required by the case. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,* No. MDL 2672 CRB (JSC), 2019 WL 957578, at *7-8 (N.D. Cal. Feb. 27, 2019) (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quotation omitted).

33. In this case, Plaintiff seeks recovery of her attorneys' fees. Complaint at ¶¶ 52, 55. Nature's Path has a good faith belief that if Plaintiff is successful in this action, she will seek an attorneys' fee award in excess of $75,000. The Ninth Circuit estimates employment cases at 100 or more hours. *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Sasso v. Noble Utah Long Beach,* LLC, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015).

34. This estimate is consistent with Plaintiff's counsel's declaration in a recent

NOTICE OF REMOVAL – 4
(No. 2:24-cv-2079)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

067744.0032\170397699.1

employment case where counsel reported that he individually incurred 113.4 hours, and that his billing rate is $725/hour. *See* Lucht Decl. at Ex. I. In that case, Plaintiff's counsel requested over $82,000 related to his own time and $125,852.50 in fees for all timekeepers at his firm. Thus, based on the conservative estimate of 100 hours, *see Adkins*, 293 F. Supp. 3d at 1148, and multiplied by Plaintiff's counsel's hourly rate of $725, the attorney fee amount in controversy in this matter will more likely than not exceed $75,000.

35. <u>Service Award.</u> In a recent EPOA class action which included Plaintiff's counsel, counsel sought and received a $20,000 class representative service award for the named plaintiff. *Id.* at Ex. H.

36. <u>Summary.</u> Plaintiff alleges well over $75,000 in damages in the aggregate, taking into account statutory damages ($5,000), attorneys' fees to Plaintiff (over $75,000), and a service award to Plaintiff ($5,000 - $20,000).

### IV. ACTION REMOVABLE

37. Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.

38. Nature's Path is removing this action to the Seattle Division of this Court because Plaintiff alleges that his claims arose in King County. Complaint at ¶13. The Seattle Division of this Court "embrac[es] the place where [the state court] action is pending," and is, therefore, the appropriate court for removal. 28 U.S.C. § 1441(a).

39. Nature's Path filed this Notice of Removal with the Court within thirty days after receipt by Nature's Path of the Complaint, in accordance with 28 U.S.C. § 1446(b).

40. Nature's Path will promptly give written notice of the filing to Plaintiff and will promptly file a copy of the Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

### V. PLEADINGS FILED

41. Nature's Path attached copies of all process, pleadings, and orders from the State

NOTICE OF REMOVAL – 5
(No. 2:24-cv-2079)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

067744.0032\170397699.1

Court Action to the Lucht Declaration filed with this Notice of Removal.

Dated: December 16, 2024

By: s/ *Julie S. Lucht*
Julie S. Lucht, Bar No. 31278
JLucht@perkinscoie.com

By: s/ *Kyle D. Nelson*
Kyle D. Nelson, Bar No. 49981
KyleNelson@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant Nature's Path Foods USA Inc.*

NOTICE OF REMOVAL – 6
(No. 2:24-cv-2079)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

067744.0032\170397699.1

# CERTIFICATE OF SERVICE/SERVICE LIST

I certify under penalty of perjury that on December 16, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

**For Plaintiffs**
Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Tel: 206.442.9106
Fax: 206.441.9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

**For Defendants**
Julie S. Lucht, WSBA #31278
Kyle D. Nelson, WSBA #49981
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Ph: 206.359.8000
Fax: 206.359.9000
Email: JLucht@perkinscoie.com
Email: KyleNelson@perkinscoie.com

Dated: December 16, 2024

*s/ Julie S. Lucht*
Julie S. Lucht, WSBA No. 31278

NOTICE OF REMOVAL
(No. 2:24-cv-2079) –7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

067744.0032\170397699.1